IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
J & J Sports Productions, Inc.,  *
                                 *
     Plaintiff,                  *
                                 *
v.                               *
                                 *    CV 118-062
BRENDA D. PALMER,                *
d/b/a A'S SPORTS BAR,            *
                                 *
     Defendant.                  *
                                 *
                                 *
```

# O R D E R

Defendant showed a boxing match in her night club on September 13, 2014, without first obtaining Plaintiff's permission. In response, Plaintiff filed this lawsuit, alleging violations of federal law and requesting $110,000 in damages. Defendant has not appeared, and Plaintiff seeks a default judgment. Plaintiff's motion (doc. 10) is **GRANTED IN PART AND DENIED IN PART**.

## I. Background

Plaintiff is "a commercial distributor of sporting events . . . ." (Doc. 1 ¶ 9.) As such, it held the "exclusive nationwide television distribution rights" to a September 13, 2014, boxing match between "Mayhem" Floyd Mayweather, Jr. and Marcos Rene Maidana, II. (Id. ¶ 7.) Businesses could not show

the fight without purchasing the rights to do so from Plaintiff. (See id. ¶¶ 7-10.)

Plaintiff alleges that in September 2014 Defendant "was an owner and/or a controlling manager" of A's Sports Bar, located on Peach Orchard Road in Augusta, Georgia. (Id. ¶ 6.) On the night of the Mayweather-Maidana fight, Plaintiff sent an investigator to A's Sports Bar. (See Doc. 10-2 at 14-16.) While inside the bar, the investigator witnessed the fight playing on five televisions. (Id. at 14.) According to the investigator, A's Sports Bar holds roughly 100 people. (Id. at 15.)

Because Defendant was not authorized to show the fight at A's Sports Bar, Plaintiff filed this lawsuit, asserting claims under 47 U.S.C. § 553 and 47 U.S.C. § 605. Plaintiff served Defendant, but Defendant has failed to appear in this action or respond to the complaint. (See Doc. 8.) Plaintiff moved for Clerk's entry of default, which the Clerk entered on April 30, 2018. (Docs. 8,9.) Plaintiff now moves for default judgment. (Doc. 10.)

## II. Discussion

Under Federal Rule of Civil Procedure 55, a court may enter default judgment against a defendant when (1) both subject-matter and personal jurisdiction exist, (2) the allegations in the complaint state a claim against the defendant, and (3) the plaintiff has shown the damages to which it is entitled. See

2

Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356-58 (S.D. Ga. 2004).

"[A] defendant's default does not in itself warrant the court in entering a default judgment." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). Default judgment is warranted only "when there is a sufficient basis in the pleadings for the judgment entered." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015) (citation omitted) (internal quotation marks omitted). And although a "defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." Id. (citation omitted) (internal quotation marks omitted). The upshot of this standard is that "a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." Id. Thus, when evaluating a motion for default judgment, a court must look to see whether the "complaint contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted) (internal quotation marks omitted).

**A. Jurisdiction**

Before entering default judgment, a court must ensure that it has subject-matter jurisdiction over the case and personal jurisdiction over the defendant. Here, the Court has both.

3

Because Plaintiff's claims arise under federal law, the Court has federal-question jurisdiction under 28 U.S.C. § 1331. And because Defendant resides in Georgia, the Court has personal jurisdiction over Defendant.

**B. Liability**

Plaintiff asserts claims under 47 U.S.C. § 553 and 47 U.S.C. § 605, which prohibit the interception of cable and satellite programming. Although the Eleventh Circuit has not yet addressed the issue, other courts, including district courts in the Eleventh Circuit, have concluded that plaintiffs may not recover under both § 605 and § 553 for the same conduct. TKR Cable Co. v. Cable City Corp., 267 F.3d 196, 207 (3d Cir. 2001); United States v. Norris, 88 F.3d 462, 465-69 (7th Cir. 1996); J & J Sports Prods., Inc v. WB-Diversified Auto Servs., Inc., No. 1:15-cv-2171-WSD, 2016 WL 264935, at *2 (N.D. Ga. Jan. 21, 2016). Rather, according to these courts, "[§] 605 prohibits commercial establishments from intercepting and broadcasting satellite programming, while [§] 553 addresses interceptions that occur through a cable network." J & J Sports Prods., 2016 WL 269435, at *2. Like those courts, this Court concludes a plaintiff may not recover under both statutes.

Plaintiff does not specify in its complaint whether Plaintiff obtained and showed the fight through cable or satellite transmission. However, because the elements of a claim under § 605 and § 553 are the same, the Court will "giv[e]

4

Plaintiff the benefit of the doubt" and will "not fault []
Plaintiff for failing to plead the particular manner of
interception since this may be exclusively in Defendant['s]
knowledge." Id. at *3 (alterations in original) (citation
omitted) (internal quotation marks omitted). To succeed on a
claim under either statute, a plaintiff must show (1) that the
defendant "intercepted the program," (2) that the defendant "did
not pay for the right to receive the transmission," and (3) that
the defendant "displayed the program to patrons of [its]
establishment." J & J Sports Prods., Inc. v. Just Fam, LLC, No.
1:09-cv-03072-JOF, 2010 WL 2640078, at *2 (N.D. Ga. June 28,
2010).

Plaintiff alleges that Defendant "did not contract with the
Plaintiff or pay the necessary sublicense fee required" to show
the fight, yet Defendant still "showed the [fight] at A's Sports
Bar on the night of September 13, 2014 . . . ." (Doc. 1 ¶¶ 10,
12.) Therefore, Plaintiff has sufficiently pleaded a claim
under § 553 or § 605.

**C. Damages**

Even in the default-judgment context, "[a] court has an
obligation to assure that there is a legitimate basis for any
damage award it enters . . . ." Anheuser-Busch, Inc. v. Philpot,
317 F.3d 1264, 1266 (11th Cir. 2003). But a court need not
conduct an evidentiary hearing when "the plaintiff's claim is
for a sum certain or a sum that can be made certain by

5

computation." Fed. R. Civ. P. 55(b)(1); SEC v. Smyth, 420 F.3d 1225, 1231 (11th Cir. 2005).

Both § 605 and § 553 allow plaintiffs to pursue either actual damages or statutory damages. Under § 605, a court may award statutory damages between $1,000 and $10,000 for each violation. 47 U.S.C. § 605(e)(3)(C)(i)(II). And if a "court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain," a court may award up to an additional $100,000 for each violation. Id. § 605(e)(3)(C)(ii). Under § 553, a court may award between $250 and $10,000 in statutory damages for each violation, id. § 553(c)(3)(A)(ii), and up to $50,000 for willful violations, id. § 553(c)(3)(B).

Plaintiff has elected to seek statutory damages and asks the Court to award a total of $110,000. But courts in this circuit, including this Court, "have ordered defendants to pay, as statutory damages, the amount of the license fee that they would have been charged if they had actually been authorized to show the program." Joe Hand Promotions, Inc. v. Blanchard, No. 409-CV-100, 2010 WL 1838067, at *3 (S.D. Ga. May 3, 2010); Joe Hand Promotions, Inc. v. Flynt, No. 6:15-cv-56, 2016 WL 93861, at *3 (S.D. Ga. Jan. 7, 2016). Because Plaintiff has not provided a compelling reason for the Court to do so, it will not stray from this method of calculating damages.

According to Plaintiff's investigator, A's Sports Bar can hold about 100 people. (Doc. 10-2 at 15.) Under Plaintiff's pricing plan, it would have cost Defendant $2,200 to show the fight. (Id. at 26.) The Court therefore awards statutory damages in the amount of $2,200.[1]

**D. Attorneys' Fees**

Plaintiff also requests attorneys' fees under § 553(c)(2)(C) and § 605(e)(B)(iii), which allow for the recovery of reasonable attorneys' fees. According to an invoice submitted by Plaintiff's counsel, he spent 4.30 hours working on this case, totaling $1,252.50 in fees. (Doc. 10 at 5-6.)

Courts rely on, among other things, the "going rate" in the legal community when deciding what constitutes a reasonable amount of attorneys' fees. Martin v. Univ. of S. Ala., 911 F.2d 604, 609 (11th Cir. 1990). The "legal community" for purposes of deciding what fees are reasonable is the district in which the court sits. Knight v. Alabama, 824 F. Supp. 1022, 1027 n.1 (N.D. Ala. 1993). The Court has set the going rate in this district at $300 an hour. See Plumbers and Steamfitters Local No. 150 v. Rice, CV 115-200, Doc. 37 (S.D. Ga. Mar. 22, 2017). Plaintiff's counsel's billable rate ranged from $200 an hour to

---

[1] As noted, Plaintiff also seeks $100,000 in enhanced damages because, Plaintiff contends, Defendant willfully committed the violation. But Plaintiff does not offer any facts to support this allegation. And although the Court must deem well-pleaded facts admitted, it need not accept legal conclusions as true. See Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). The Court thus declines to award enhanced damages.

7

$375 an hour. (Doc. 10 at 5-6.) Plaintiff's counsel billed .10 hours at the rate of $375 an hour; accordingly, the Court adjusts the fee for that .10 hours from $37.50 to $30. After recalculating the attorneys' fees to reflect this adjustment, the Court determines the appropriate amount of total attorneys' fees to award in this case is $1,245.

In short, because Plaintiff's complaint contains sufficient facts showing that Defendant committed the alleged violation, and because the Court is able to calculate Plaintiff's damages without a hearing, default judgment is appropriate. The Court, however, declines to award damages in the amount requested by Plaintiff.

### III. Conclusion

The Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion for default judgment. (Doc. 10.) The Court **GRANTS** the motion with respect to liability and damages and fees in the amount of $3,445. But, the Court **DENIES** Plaintiff's motion to the extent Plaintiff requests additional damages. The Clerk is instructed to **ENTER JUDGMENT** in favor of Plaintiff and against Defendant in the amount of $3,445 and to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia this 2nd day of July, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA